UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE TRUST 2016-C34, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2016-C34,<br><br>                      Plaintiff,<br><br>   -against-<br><br>JOHN H. HAJJAR,<br><br>                      Defendant. | Civil Case No.: 20-cv-3739-DLC<br><br>**STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER** |

      Plaintiff, Wilmington Trust, N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Trust 2016-C34, Commercial Mortgage Pass-Through Certificates Series 2016-C34 ("***Plaintiff***" or "***Lender***") and Defendant, John H. Hajjar ("***Defendant***") (individually a "***Party***" and collectively, the "***Parties***") by and through their undersigned counsel, respectfully submit the following Stipulation and ~~Proposed~~ Protective Order.

      WHEREAS, discovery in this litigation may involve the disclosure of certain documents, information, and things, in the possession, custody, or control of a Party or a nonparty that constitute sensitive personal information, trade secrets or other confidential research, development, manufacturing, regulatory, financial, marketing, commercial, or other competitive information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure ("***Confidential Information***");

      WHEREAS, the Parties have taken steps to safeguard and protect the confidentiality of the documents, information, and things the disclosure of which would pose a substantial risk of irreparable harm to the producing Party's legitimate personal or proprietary interests;

WHEREAS, this Stipulation and Protective Order provides reasonable and necessary restrictions on the disclosure of sensitive materials of a confidential nature;

WHEREAS, to streamline the discovery process and minimize the need for Court intervention, the Parties agree to the terms of this Stipulation and Protective Order to protect their confidential documents, information, and things;

NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE, by and through their respective counsel, subject to the approval of the Court, to the entry of this Stipulation and Protective Order pursuant to Federal Rule of Civil Procedure 26(c), on the terms and conditions set forth below. The Court being duly advised, IT IS HEREBY ORDERED as follows:

1. Any Party or third party may designate as "confidential" those documents, tangible objects, and/or information that he, she, or it (a) either produces in this action or has a reasonable personal interest in the confidentiality of that information and (b) reasonably and in good faith believes contain: (i) information protected by Federal Rule of Civil Procedure 26(c)(1) or (ii) other information protected by state or federal law. Such documents, tangible objects, and/or information may include, but shall not be limited to, responses to requests for production, responses to interrogatories, responses to requests for admission, and documents produced in response to requests for production. To the extent a Party believes in good faith that certain Confidential Information is so highly sensitive that it should not be disclosed to another Party or its employees or family members it may designate such Confidential Information as "Attorneys' Eyes Only" ("*AEO*") in which case the Confidential Information can only be shown to the individuals listed in Paragraph 4(a), (c)-(i) of this Order.

2. Any Party or third-party may also designate as "confidential" deposition testimony that it reasonably and in good faith believes to contain: (a) information protected by

Federal Rule of Civil Procedure 26(c)(1); or (b) other information protected by state or federal law. To the extent a Party believes in good faith that deposition testimony is so highly sensitive that it should not be disclosed to another Party or its employees or family members, it may designate such Confidential Information as AEO and in which case the Confidential Information can only be shown to the individuals listed in Paragraph 4(a), (c)-(i) of this Order.

3. In order to have a document, tangible object, and/or information treated as "confidential" or AEO, the producing Party shall (prior to production) label each page containing Confidential Information with the word "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" as appropriate based on the nature of the Confidential Information. The parties agree that all such designated documents, tangible objects, and information (hereinafter "*Confidential Materials*") shall be treated as confidential in accordance with the terms of this Stipulation and Protective Order ("*Protective Order*" or "*Order*"). In order to have deposition testimony treated as Confidential Material, the Party asserting a confidentiality designation shall, within 30 days after its receipt of the final transcript, identify the page and line numbers of the Confidential Information in writing to the other Parties. Until the expiration of this 30-day period, the Parties shall treat the entire transcript as Confidential Material, absent agreement on an alternative arrangement.

4. Except with the prior written consent of counsel for the Party designating Confidential Materials, such Confidential Materials may be shown or disclosed only to the following persons:

    a. Counsel of record for the parties in this action;

    b. The parties to this action and their employees;

    c. Attorneys and other individuals employed by the Parties' outside counsel law firms;

    d.  Independent experts and consultants retained by counsel of record in this action whose assistance is deemed necessary by counsel to advance their respective positions in this case, and employees of such experts and consultants necessary to assist such persons in performing their duties;

    e.  The Court, its officers, and court reporters providing stenographic or video services in this litigation;

    f.  Any special master, mediator, or arbitrator engaged by the parties or authorized by the Court for purposes of mediation, arbitration, or other dispute resolution regarding issues arising in this litigation;

    g.  Individuals who, according to the face of the designated material, authored or received the Confidential Information;

    h.  Deponents or bona fide witnesses in this action, not otherwise covered by the prior sub-paragraphs of this paragraph, who require, according to counsel's reasonable judgment, access to Confidential Materials for the advancement of a position of a party in this case; provided that nothing in this paragraph shall be interpreted to prohibit the receiving Party from filing Confidential Materials with the Court, as set forth in paragraph 8 below, and subsequently communicating with Court personnel regarding such Confidential Materials.

    i.  Any other individual agreed upon by the Parties in writing.

  5.  Any recipient of such Confidential Materials shall not disclose the same to any other person to whom disclosure is not authorized by the terms of this Order and shall not use such Confidential Materials for purposes other than for litigation, trial, or settlement of their respective positions in this case.

  6.  Any recipient of such Confidential Materials shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of such Confidential Materials in

order to ensure that the confidential nature is maintained.

7. Any recipient of such Confidential Materials listed in Paragraphs 4(g)-(i) above, prior to receipt thereof, shall be furnished with a copy of this Order, and shall be required to execute an undertaking of the type attached hereto as **Exhibit A**. The original of each **Exhibit A** executed by a recipient of Confidential Materials shall be furnished to counsel for the receiving Party.

8. ~~In the event that any receiving Party desires that any Confidential Materials be included with, or the contents thereof be in any way disclosed, in any pleading, motion or other document filed with this Court, the receiving Party shall: (1) file such Confidential Materials under seal, along with a motion seeking an order requiring that such Confidential Materials be kept under seal by the Clerk until further order of the Court; and/or (2) file redacted documents in which all Confidential Materials (including all portions of any document that reflect Confidential Materials) have been redacted. The Court may order that any such Confidential materials and any testimony associated with the Confidential Materials contained therein shall be held *in camera* or under seal. Nothing in this paragraph is intended to conflict with the requirements of the Local Rules and, to the extent there is any conflict, the requirements of the Local Rules control.~~

9. The production of Confidential Materials by any Party shall not constitute a waiver of any claim or right of withholding or confidentiality that it may have. Nothing contained in this Order is: (a) a waiver by any Party of its right to object to the subject matter of any discovery request made in this action; (b) an admission that any Confidential Material is relevant in anyway to the issues raised in the pending action; or (c) a waiver of any privilege or protection from disclosure with respect thereto.

10. If a dispute arises between any of the Parties with respect to whether any Confidential Materials, in fact, contain: (a) information protected by Federal Rule of Civil

Procedure 26(c)(1), or (b) other information protected by state or federal law, the Party seeking to designate the materials as confidential, following a meet and confer, may file a motion requesting that this Court resolve the issue. Unless and until this Court rules on the motion, the Confidential Materials shall be treated as if properly designated as Confidential Material. At the request of any Party and subject to the Court's discretion, hearings may be held *in camera* to prevent the disclosure of Confidential Materials.

11.   This Order has no effect upon, and its scope shall not extend to, a Party's use of its own Confidential Materials.

12.   Within 30 days of the termination of this action, including any appeals therefrom, all Confidential Materials received by either Party (including all copies of Confidential Materials and notes, compilations, or extracts reflecting Confidential Materials, whether maintained by the Receiving Party or distributed to the individuals described above in Paragraph 4) shall be destroyed or returned to the producing Party's counsel.  The receiving Party's counsel also shall provide the producing Party's counsel with a certification indicating that all Confidential Materials received from the producing Party (including all copies of Confidential Materials and notes, compilations, or extracts reflecting Confidential Materials, whether maintained by the receiving Party or distributed to the individuals described above in Paragraph 4) were returned to the producing Party's counsel or destroyed. Within 30 days of the termination of this action, including any appeals therefrom, any Confidential Materials stored or maintained in electronic format must be returned to the producing Party's counsel or confirmation provided that the Confidential Materials have been destroyed in accordance with the foregoing sentence, provided that, if such Confidential Materials are stored or maintained on a computer hard drive or other media that cannot be returned in such manner, such as redundant backups of all computerized information, this paragraph shall not apply.

13. Handling of Privileged Materials.

(a) Nothing in this Order shall require disclosure of any document, tangible object or information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or some other privilege or protection from disclosure (hereinafter "**Privilege**").

(b) The inadvertent production of documents, tangible objects, or information ("**Discovery Material**") that a Party contends is otherwise subject to a Privilege ("**Privileged Discovery Material**") shall not, consistent with Rule 502(d) of the Federal Rules of Evidence, constitute a waiver of the Privilege in this action and shall also not constitute a waiver of the Privilege in any other federal or state proceeding. Furthermore, consistent with Rules 502(a) and (e) of the Federal Rules of Evidence: (1) the act of producing Privileged Discovery Material shall not constitute a waiver of any Privilege that the producing Party contends applies to any undisclosed documents, tangible objects, ESI, or other information ("**Undisclosed Privileged Information**"); and (2) the production of Privileged Discovery Material shall neither be argued nor found to require the production of any Undisclosed Privileged Information based on the doctrine of subject-matter waiver or because of any factors enumerated in Rule 502(a) of the Federal Rules of Evidence.

(c) The production of any Discovery Material that the producing Party contends is protected by Privilege and contends was produced inadvertently, within the meaning of Rule 502(b)(1) of the Federal Rules of Evidence, shall be without prejudice to any such claim of Privilege. Such producing Party shall not be held to have waived any rights solely by the fact of such asserted inadvertent production. If a producing Party believes that a document, tangible object, electronically stored information, or other information subject to a Privilege was inadvertently produced, notification of such inadvertent production and any disputes arising

therefrom shall be resolved pursuant to the terms of Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

(d) Nothing contained in this Order shall be construed to preclude any Party in this case from challenging in this action another Party's assertion of Privilege on any grounds other than those precluded by the foregoing sub-paragraphs of this Paragraph 13. Any challenge to a Party's assertion of Privilege shall be made pursuant to this Court's motion procedures. Pending final determination of any such motion, all Privileged Discovery Material subject to such challenge shall continue to be treated as Privileged. Any final determination that Privileged Discovery Material is not subject to a Privilege shall not alter any designation of such Discovery Material as Confidential Materials. Any challenge to such designation shall be made pursuant to Paragraph 10.

14. Following the termination of this case in this Court, the Court shall retain jurisdiction to enforce the terms of this stipulation and Order.

```
The parties are directed to the
Court's individual practices for
instructions on filing under
seal.
Dated: September 15, 2020
```

/s/ Denise Cote
DENISE COTE
United States District Judge

**SO STIPULATED AND AGREED:**

| **DUANE MORRIS LLP** | **SM LAW PC** |
|---|---|
| By: /s/ David T. McTaggart<br>David T. McTaggart<br>1540 Broadway<br>New York, NY 10036-4086<br>Phone: 212.471.1814<br>Fax: 212.202.4931<br>dtmctaggart@duanemorris.com | By: /s/ Marc. D. Miceli<br>Steven Mitnick, Esq.<br>Marc D. Miceli, Esq.<br>P.O. Box 530<br>49 Old Turnpike Road<br>Oldwick, New Jersey 08858 |
| Meagen E. Leary (*pro hac vice*)<br>One Market Plaza, Suite 2200<br>San Francisco, CA 94105-1127<br>Phone: 415.457.3230<br>Fax: 415.520.0291<br>mleary@duanemorris.com | **MIDDLEBROOKS SHAPIRO, P.C.**<br><br>By: /s/ Joseph M. Shapiro<br>Joseph M. Shapiro, Esq.<br>841 Mountain Avenue, First Floor<br>Springfield Township, NJ 07081 |

Paul E. Chronis (*pro hac vice*)
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Phone: 312.499.6765
Fax: 312.577.0728
pechronis@duanemorris.com

Harry M. Byrne (*pro hac vice*)
30 South 17th Street
Philadelphia, PA 19103-4196
Phone: 215.979.1136
Fax: 215.689.4925
hmbyrne@duanemorris.com

*Attorneys for Plaintiff*


**SO ORDERED:**

_____
Honorable Denise L. Cote
United States District Judge


Dated:

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE TRUST 2016-C34, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2016-C34,<br><br>                    Plaintiff,<br><br>      -against-<br><br>JOHN H. HAJJAR,<br><br>                    Defendant. | Civil Case No.: 20-cv-3739-DLC |

      Information, including documents and things, designated as "Confidential Information," as defined in the Protective Order entered in the above-captioned action (hereinafter "***Protective Order***"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

      I have been given a copy of and have read the Protective Order.

      I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

      I submit to the jurisdiction of this Court for enforcement of the Protective Order.

      I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned case and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as

DM3\7046398.1

confidential or by order of this Court. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information is to be returned to counsel who provided me with such documents and materials.

Dated this _____ day of _____, 2020


Printed Name: _____
Title or Position: _____

Telephone Number: _____

Email Address: _____