```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
WILMINGTON TRUST, NATIONAL               :
ASSOCIATION, AS TRUSTEE FOR THE          :    20cv3739(DLC)
BENEFIT OF THE REGISTERED HOLDERS OF     :
WELLS FARGO COMMERCIAL MORTGAGE TRUST    :    OPINION AND ORDER
2016-C34, COMMERCIAL MORTGAGE PASS-      :
THROUGH CERTIFICATES SERIES 2016-C34,    :
                                         :
                         Plaintiff,      :
                                         :
                -v-                      :
                                         :
JOHN H. HAJJAR,                          :
                                         :
                         Defendant.      :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff Wilmington Trust, National Association:
David T. McTaggart
Duane Morris LLP
1540 Broadway
New York, NY 10036

Meagen E. Leary
Duane Morris LLP
One Market Plaza, Suite 2200
San Francisco, CA 94105

Paul E. Chronis
Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603

Harry M. Byrne
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103

For defendant John H. Hajjar:
Marc D. Miceli
SM Law PC

49 Old Turnpike Road
Oldwick, NJ 08858

Joseph M. Shapiro
Middlebrooks Shapiro, P.C.
841 Mountain Avenue, First Floor
Springfield Township, NJ 07081

DENISE COTE, District Judge:

    Plaintiff Wilmington Trust, National Association ("Wilmington Trust") has moved for summary judgment on the issue of defendant John Hajjar's liability for breaching three guaranty agreements.  Because Hajjar does not dispute that he breached the agreements, summary judgment is granted to Wilmington Trust on the issue of liability.

## Background

    The following facts are derived from Wilmington Trust's statement of undisputed facts submitted pursuant to Rule 56.1, Fed. R. Civ. P., which is entirely undisputed by Hajjar, and documents submitted by Wilmington Trust in support of its motion for summary judgment.  On April 29, 2016, Natixis Real Estate Capital LLC loaned $81,500,000 to several companies owned or controlled by Hajjar that owned medical office buildings (the "Borrowing Entities").  Hajjar signed the loan agreement, promissory note agreements, a mortgage agreement, and several related loan documents on behalf of the Borrowing Entities.  In addition to entering into the aforementioned loan documents,

Hajjar entered into three guaranty agreements with Natixis: a Guaranty of Recourse Obligations, a Partial Payment Guaranty, and a Lease Guaranty.

The Guaranty of Recourse Obligations provided that Hajjar "irrevocably, absolutely, and unconditionally guarantee[d] to [the lender] the full, prompt, and complete payment . . . when due of the Guaranteed Obligations."  The Guaranteed Obligations were defined in turn as, inter alia, payment of the entire guaranteed debt if one of a number of defined events occurred. That list of events included, as relevant here, a Borrowing Entity voluntarily filing for bankruptcy or a Borrowing Entity permitting a lien to be filed against one of the underlying properties without the lender's consent.  Under the Partial Payment Guaranty, Hajjar "irrevocably, absolutely, and unconditionally guarantee[d] to [the lender] the full, prompt, and complete payment" of a principal sum of $8 million when due, and "all sums that may hereafter become due and owing." Finally, the Lease Guaranty stated that Hajjar "irrevocably, absolutely and unconditionally guarantee[d] . . . the full, prompt and complete payment of all [r]ents" due from tenants affiliated with Hajjar at any time after a monetary default on the loan.

The three guaranty agreements defined Hajjar's obligations as "irrevocable, absolute, and unconditional" and existing "irrespective of any other circumstances which might otherwise limit recourse against [Hajjar] by [the l]ender or constitute a legal or equitable discharge or defense of a guarantor or surety." Hajjar signed the guaranty agreements on April 29, 2016. On May 24, 2016, Natixis entered into an assignment agreement with Wilmington Trust, and Wilmington Trust became the holder of the three guaranty agreements.

Hajjar then defaulted on the guaranty agreements in several ways. Beginning in May 2018, four creditors recorded liens against the underlying properties. The Borrowing Entities did not secure the consent of the lender before those liens were recorded. In February 2020, the Borrowing Entities filed for Chapter 11 bankruptcy in New Jersey. During the bankruptcy proceeding, the Borrowing Entities revealed that they were owed in excess of $2.3 million in rent by entities associated with Hajjar. These events triggered Hajjar's liability under the guaranty agreements, but at present, Hajjar has not paid the full amounts due under each of the three guaranty agreements.

Wilmington Trust filed this action on May 14, 2020. It then moved for summary judgment on November 20, 2020. The motion became fully submitted on February 8, 2021.

**Discussion**

Summary judgment may only be granted when the parties' submissions "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." Frost v. N.Y.C. Police Dep't, 980 F.3d 231, 242 (2d Cir. 2020) (citation omitted). "Summary judgment should be granted if the moving party can point to an absence of evidence to support an essential element of the nonmoving party's claim." Gemmink v. Jay Peak Inc., 807 F.3d 46, 48 (2d Cir. 2015) (citation omitted). In making this determination, a court must "draw[] all inferences in favor of the nonmoving party." Id.

Once the moving party has asserted facts demonstrating that the non-movant's claims cannot be sustained, the opposing party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." Id. "[T]he party opposing summary judgment may not merely rest on the allegations or denials of his pleading; rather his response . . . must set forth specific facts demonstrating that there is a genuine issue for trial." Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) (citation omitted). "[C]onclusory statements,

conjecture, and inadmissible evidence are insufficient to defeat summary judgment." Ridinger v. Dow Jones & Co. Inc., 651 F.3d 309, 317 (2d Cir. 2011) (citation omitted). Rather, only a dispute of material fact precludes the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Wilmington Trust has moved for summary judgment on its claim that Hajjar is liable for breaching the three guaranty agreements. Under New York law,[1] "ordinary principles of contract construction" govern the interpretation of guaranty agreements. Cooperatieve Centrale Faiffeisen-Boerenleenbank, B.A v. Navarro, 25 N.Y.3d 485, 492 (2015) (citation omitted). Since a guaranty agreement is a contract, "[w]here the intent of the parties can be determined from the face of the agreement, interpretation is a matter of law and the case is ripe for summary judgment." Katel Liab. Co. v. AT&T Corp., 607 F.3d 60, 64 (2d Cir. 2010) (citation omitted). Under New York law, guaranty agreements are to be construed strictissimi juris, but "a surety is not entitled to any particular tenderness in the interpretation of the language of his contract." Compagnie

---

[1] New York law applies to this dispute. The three guaranty agreements each contain a New York choice of law provision. Moreover, the parties' briefs assume that New York law applies, and "such implied consent . . . is sufficient to establish choice of law." Alphonse Hotel Corporation v. Tran, 828 F.3d 146, 152 (2d Cir. 2016) (citation omitted).

6

Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc., 188 F.3d 31, 34 (2d Cir. 1999) (citation omitted).  In order to succeed on a motion for summary judgment on liability under a guaranty agreement, a plaintiff-creditor must demonstrate only "the existence of the guaranty, the underlying debt and the guarantor's failure to perform under the guaranty."  Cooperatieve Centrale, 25 N.Y.3d at 492 (citation omitted).  Under New York law, "[a]bsolute and unconditional guaranties . . . preclude guarantors from asserting a broad range of defenses."  Compagnie Financiere, 188 F.3d at 35.

Wilmington Trust is entitled to summary judgment here. Hajjar does not dispute the existence of the three guaranty agreements, the fact that the guaranty agreements were absolute and unconditional, or an underlying debt in the form of the loan to the Borrowing Entities.  Nor does he dispute that his obligations became due under the three guaranty agreements when the Borrowing Entities filed for Chapter 11 bankruptcy, the four liens were recorded against the underlying property without Wilmington Trust's consent, and he failed to pay the rent due under the Lease Guaranty.  Finally, he does not dispute that he failed to perform under the three guaranty agreements when he

7

failed to pay the amounts due after the aforementioned incidents triggered his obligation to perform.

Hajjar's sole argument in opposition to summary judgment here is that summary judgment is improper at this time because the sum of Wilmington Trust's damages has not been fixed and would need to be submitted to a jury. Wilmington Trust, however, has moved for summary judgment solely on the issue of liability.

## Conclusion

Wilmington Trust's November 20, 2020 motion for summary judgment on Hajjar's liability is granted.

Dated:   New York, New York
         April 8, 2021

```
                              _____
                                     DENISE COTE
                              United States District Judge
```