```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           :
WILMINGTON TRUST, NATIONAL ASSOCIATION,    :   20cv3739 (DLC)
AS TRUSTEE FOR THE BENEFIT OF THE          :
REGISTERED HOLDERS OF WELLS FARGO          :   ORDER
COMMERCIAL MORTGAGE TRUST 2016-C34,        :
COMMERCIAL MORTGAGE PASS-THROUGH           :
CERTIFICATES SERIES 2016-C34,              :
                                           :
                            Plaintiff,     :
                                           :
              -v-                          :
                                           :
JOHN H. HAJJAR,                            :
                                           :
                            Defendant.     :
                                           :
----------------------------------------- X
```

DENISE COTE, District Judge:

In advance of an upcoming bench trial to determine the sum of damages due to the plaintiff as a result of the defendant's breach of agreements that guaranteed a loan for the purchase of several office buildings, the plaintiff has moved in limine to preclude the defendant from offering evidence regarding "set offs" from the amounts due under those agreements. The defendant has claimed that it intends to present testimony from an accountant who works on behalf of the defendant's business entities regarding two sets of payments to the plaintiff that it contends reduced the underlying loan balance. One set of payments consists of rent paid by tenants of the office buildings that was swept into a "Lockbox" account; the other

payment represents approximately $11.4 million in proceeds from the sale of one of the office buildings that was "paid to the Lender."

The plaintiff claims that, under the guaranty agreements, no sums paid by the defendant in reduction of the underlying loan may be applied in reduction of his obligations under the guaranty agreements until the underlying loan is paid in full. As a result, the plaintiff claims that evidence regarding payments made in satisfaction of the loan are irrelevant to its damages at trial. The plaintiff also claims that, even if evidence regarding the defendant's partial payment were relevant to the calculation of its damages, the defendant's proposed witness is not competent to testify regarding those payments due to lack of personal knowledge.

The plaintiff has the burden of proving at trial its damages. In her affidavit of direct testimony, Melissa Vis -- the sole witness the plaintiff intends to call at trial -- calculates the plaintiff's damages. That calculation appears to account for certain payments on the loan, including the "Lockbox" funds. It is unclear whether the plaintiff agrees that it received the $11.4 million from the sale of property, and if so, whether that receipt reduces the amount owed by the defendant. Accordingly, it is hereby

ORDERED that the plaintiff's motion in limine is denied.

IT IS FURTHER ORDERED that the plaintiff shall be prepared to address these issues at trial.

Dated:    New York, New York
          September 23, 2021

                                    _____
                                         DENISE COTE
                                    United States District Judge