UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE TRUST 2016-C34, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2016-C34, <br><br>Plaintiff, <br><br>-against- <br><br>JOHN H. HAJJAR, <br><br>Defendant. | Civil Case No.: 20-cv-3739 <br><br>**CONSENT JUDGMENT** |

Plaintiff, Wilmington Trust, N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Trust 2016-C34, Commercial Mortgage Pass-Through Certificates Series 2016-C34 ("Plaintiff"), and Defendant, John H. Hajjar ("Defendant"), submit the following Proposed Consent Judgment, subject to the approval of the Court:

WHEREAS, on or about April 29, 2016, Natixis Real Estate Capital LLC made a commercial loan in the original principal amount of $81,500,000.00 (the "Loan") to the following borrowers: HMOB of Jersey City Owner, LLC, HMOB of Oradell Owner, LLC, HMOB of Carlstadt Owner, LLC, HMOB of Hackensack Office Owner, LLC, HMOB of Hackensack Warehouse Owner, LLC, HMOB of New Brunswick Owner, LLC, HMOB of Roseland Owner, LLC, HMOB of Wayne Owner, LLC, HMOB of Fair Lawn Owner, LLC, HMOB of Glen Rock Owner, LLC, HMOB of Fair Lawn 15-01 Broadway Owner, LLC, HMOB of Mt. Kisco Owner, LLC, and HMOB of Miramar Owner, LLC (collectively, the "Borrowers");

WHEREAS, Defendant owns or controls, in whole or in part, all of the Borrowers;

WHEREAS, on February 14, 2020, each of the Borrowers filed voluntary petitions under Chapter 11 of the Bankruptcy Code, captioned *In Re: Hajjar Business Holdings, LLC, et al.*, Case No. 20-bk-12465-JKS, pending in the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Case");

WHEREAS, on May 14, 2020, Plaintiff commenced this action against Defendant, asserting that Defendant breached his contractual obligations as the guarantor under three separate guaranty agreements ("Guaranty Agreements")[1] relating to the Loan, *see* ECF No. 1;

WHEREAS, on April 8, 2021, the Court granted summary judgment in Plaintiff's favor as to Defendant's liability under the Guaranty Agreements, *see* ECF No. 36;

WHEREAS, this matter is scheduled for trial on November 16, 2021, *see* ECF No. 41;

WHEREAS, the only issue that remains for determination at trial is the amount of Plaintiff's damages under the Guaranty Agreements, *see* ECF No. 37;

WHEREAS, Plaintiff assigned the Loan, including the Guaranty Agreements, to its wholly owned subsidiary, WFCM 2016-C34 Medical Office Buildings NJ NY FL LLC, a Delaware limited liability company ("Lender");

WHEREAS, Lender and the Borrowers are currently negotiating the terms of a proposed Chapter 11 Plan of Reorganization ("Plan") and Forbearance Agreement ("Forbearance Agreement") in the Bankruptcy Case, as part of a proposed resolution of this action and the Bankruptcy Case;

---

[1] The "Guaranty Agreements" shall refer to the Recourse Guaranty, Partial Payment Guaranty, and Lease Guaranty, attached to the Complaint as Exhibits H, I, and J, respectively.

WHEREAS, in order to avoid the time and expense of the November 16, 2012 trial, the parties have agreed to consensually resolve the remaining issue of damages through a consent judgment;

WHEREAS, pursuant to the terms of the parties' agreement, Defendant has consented to the entry of judgment against Defendant ("Consent Judgment") under the terms and conditions set forth herein;

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT**:

1. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties.

2. This Consent Judgment is hereby entered against Defendant in the amount of $90,604,095.86. The Judgment shall be entered in favor of Plaintiff's designee, Lender. Lender may only seek to enforce or execute on this Consent Judgment, consistent with the terms of this Consent Judgment.

3. The following conditions shall apply to the right of Plaintiff and Lender to enforce or execute on this Consent Judgment:

    a. Except as provided by Paragraph 3(c) below, Plaintiff, on behalf of itself and Lender, agrees not to take any action against Defendant to enforce or execute on this Consent Judgment from the date beginning upon the entry of this Consent Judgment and expiring on the Effective Date (as defined in the Plan) of the Plan.

    b. Except as provided by Paragraph 3(c) below, if the Effective Date occurs within one hundred eighty (180) days from the entry of this Consent Judgment, Plaintiff, on behalf of itself and Lender, agrees to further forbear from the enforcement of this Consent Judgment, for the period of time commencing on the Effective Date

and expiring on the six (6)-month anniversary of the Effective Date ("Initial Forbearance Period"). The Initial Forbearance Period may be extended by the Borrowers for a period of three (3) months if the Borrowers satisfy the following conditions precedent: (1) the Borrowers deliver a written notice to Lender in accordance with the terms of the Forbearance Agreement; and (2) the Borrowers make payment of an extension fee of Three Hundred Thousand and 00/100 Dollars ($300,000.00) to Lender's special servicer, LNR Partners, LLC, by wire transfer of funds, at least twenty (20) calendar days prior to the expiration of the Initial Forbearance Period.

c. Notwithstanding the terms of Paragraphs 3(a) and 3(b) of this Consent Judgment, the occurrence of any the following shall entitle Lender, without any notice to Defendant, to exercise all of its rights and remedies to enforce this Consent Judgment against Defendant, including by executing on the Consent Judgment:

   i. if the Effective Date does not occur within one-hundred eighty days (180) from the date of the entry of this Consent Judgment;

   ii. a conviction and/or plea by Defendant which includes an assertion of fraudulent conduct, provided that the offense is material (*i.e.,* involve a claim of $250,000 or more);

   iii. the bringing of an indictment and/or filing of a complaint by federal court which includes fraud relating to the Loan or any Defendant-related business associated with the Loan; or

   iv. the occurrence of any Termination Event, as that term is defined in the Forbearance Agreement.

4.   This Consent Judgment may be assigned by Plaintiff or Lender, and any of their successors and assigns, to any person or entity at any time at the sole discretion of Plaintiff or Lender. Upon such assignment, all duties, rights, and obligations of Plaintiff or Lender under this Consent Judgment shall be deemed to refer to such assignee and such assignee shall

thereafter stand in the place of Lender and Plaintiff. Defendant may not assign his rights, interests or obligations under this Consent Judgment.

5. Provided that the Effective Date occurs within one hundred eighty (180) days from the date of the entry of this Consent Judgment, the terms of the Plan and Forbearance Agreement shall control and govern the parties' rights and responsibilities with respect to the execution of this Consent Judgment.

6. Undersigned counsel represent that they are authorized to execute this Consent Judgment on behalf of Plaintiff, Defendant, and Lender.

7. This Court shall retain jurisdiction over the parties for the purposes of construing and enforcing the terms of this Consent Judgment.

8. This Consent Judgment shall become effective upon the Court's entry of this Consent Judgment.

[SIGNATURE PAGE TO FOLLOW]

```
So ordered.
Dated: November 15, 2021
```

_____
DENISE COTE
United States District Judge

Dated: New York, New York
November 15, 2021

Respectfully submitted,

**DUANE MORRIS LLP**

**MIDDLEBROOKS SHAPIRO, P.C.**

By: /s/ Paul E. Chronis
David T. McTaggart
1540 Broadway
New York, NY 10036-4086
Phone: 212.471.1814
Fax: 212.202.4931
dtmctaggart@duanemorris.com

By: /s/ Joseph M. Shapiro (with consent)
Joseph M. Shapiro, Esq. (JS1981)
841 Mountain Avenue, First Floor
Springfield Township, NJ 07081
Phone: (973) 218-6877
Fax: (973) 218-6878

Meagen E. Leary (*pro hac vice*)
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Phone: 415.457.3230
Fax: 415.520.0291
mleary@duanemorris.com

**SM LAW, P.C.**

By: /s/ Marc D. Miceli (with consent)
Marc D. Miceli, Esq.
P.O. Box 530
49 Old Turnpike Road
Oldwick, NJ 08858
Phone: (908) 572-7275
Fax: (908) 572-7271

Paul E. Chronis (*pro hac vice*)
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Phone: 312.499.6765
Fax: 312.577.0728
pechronis@duanemorris.com

*Attorneys for Defendant*

Harry M. Byrne (*pro hac vice*)
30 South 17th Street
Philadelphia, PA 19103-4196
Phone: 215.979.1136
Fax: 215.689.4925
hmbyrne@duanemorris.com

_____

John H. Hajjar

*Defendant*

*Attorneys for Plaintiff and Lender*

SO ORDERED:

Dated:

_____

Honorable Denise Cote
United States District Judge

Dated: New York, New York
        November   , 2021

                                          Respectfully submitted,

**DUANE MORRIS LLP**                                   **MIDDLEBROOKS SHAPIRO, P.C.**

By:                                                     By:
David T. McTaggart                                      Joseph M. Shapiro, Esq. (JS1981)
1540 Broadway                                           841 Mountain Avenue, First Floor
New York, NY 10036-4086                                 Springfield Township, NJ 07081
Phone: 212.471.1814                                     Phone: (973) 218-6877
Fax: 212.202.4931                                       Fax: (973) 218-6878
dtmctaggart@duanemorris.com

                                          **SM LAW, P.C.**

Meagen E. Leary (*pro hac vice*)
One Market Plaza, Suite 2200                            By:
San Francisco, CA 94105-1127                            Marc D. Miceli, Esq.
Phone: 415.457.3230                                     P.O. Box 530
Fax: 415.520.0291                                       49 Old Turnpike Road
mleary@duanemorris.com                                  Oldwick, NJ 08858
                                                        Phone: (908) 572-7275
                                                        Fax: (908) 572-7271
Paul E. Chronis (*pro hac vice*)
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433                                  *Attorneys for Defendant*
Phone: 312.499.6765
Fax: 312.577.0728
pechronis@duanemorris.com                               /s/ John H. Hajjar
                                                        John H. Hajjar

Harry M. Byrne (*pro hac vice*)                         *Defendant*
30 South 17th Street
Philadelphia, PA 19103-4196
Phone: 215.979.1136
Fax: 215.689.4925
hmbyrne@duanemorris.com

*Attorneys for Plaintiff and Lender*

                                          SO ORDERED:

Dated:

                                          _____
                                          Honorable Denise Cote
                                          United States District Judge